UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dianne Krahn, Earl Krahn,
and Juan Krahn,

Civ. File No. 01-2069 (PAM/RLE)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Cross Country Bank,

Defendants.

---

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Court grants the Motion.

**BACKGROUND**

Plaintiffs Dianne Krahn, Earl Krahn, and Juan Krahn filed an action in state court seeking to recover damages for alleged invasion of privacy. The Krahns allege that from January 2001 to June 31, 2001, Defendant Cross Country Bank ("Cross Country") was responsible for more then 400 phone calls to the Krahn residence. According to Plaintiffs, Cross Country made the phone calls in an attempt to collect on a past-due credit card balance owed by Dianne and Earl Krahn's daughter, Emily. Despite Plaintiffs' explanation that Emily no longer lived at the address, Cross Country continued to make telephone calls. Each of the three Plaintiffs have pled actual damages in excess of $50,000, but less than $75,000.

On November 13, 2001, Cross Country removed the case to federal court. The Krahns move to remand the case, arguing that Cross Country failed to demonstrate an amount in

FILED APR 23 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 23 2003
DEPUTY CLERK

controversy that exceeds $75,000, as required by 28 U.S.C. § 1332(a). Cross Country argues that the Court should aggregate the claims to calculate the amount in controversy. Cross Country also suggests that the Court should include attorneys' fees and punitive damages in its calculation of the amount in controversy. Because the actual damages pled are indefinite, when combined with attorneys fees and punitive damages, Cross Country argues that the case satisfies the amount-in-controversy requirement.

**DISCUSSION**

**A. Standard of Review**

When ruling on a motion to remand, courts construe all doubts in favor of remand. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002) (citing In re Bus. Men's Assurance Co. of Am., 992 F.3d 181, 183 (8th Cir. 1993)). The party opposing remand, therefore, has the burden of proof to demonstrate that diversity jurisdiction exists. Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000). Because Plaintiffs made the current Motion, they placed Cross Country in the awkward position of having to prove the amount of damages to which each Plaintiff is entitled. To prevail in its opposition to the Motion, Cross Country must establish to a degree of legal certainty, or by a preponderance of the evidence, that the amount in controversy exceeds $75,000 for each Plaintiff. See Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994); see also Peterson v. BASF Corp., 12 F. Supp. 2d 964, 968 (D. Minn. 1998) (Tunheim, J.).

**B. Calculation of Amount in Controversy**

For this Court to have jurisdiction under § 1332, each Plaintiff's claim, including actual damages, punitive damages, and attorneys' fees, must meet the amount in controversy requirement, unless Plaintiffs seek to enforce a single claim that is undivided and common to the class, such as a single indivisible res. Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 765-66 (8th Cir. 2001); Trimble, 232 F.3d at 960; Chase v. W.R. Grace & Co.-Conn., 168 F. Supp. 2d 1020, 1022 (D. Minn. 2001) (Davis, J.). The proceeds of a life or fire insurance policy can exemplify a common right and be therefore exempt from the non-aggregation rule. See Peterson, 12 F. Supp. 2d at 972. However, in this case, the damages do not concern disbursement of an insurance fund, nor do they relate to a right held in common by Plaintiffs. Therefore, Cross Country cannot satisfy the amount in controversy requirement by aggregating the proposed damages for all three Plaintiffs.

Cross Country argues that the Court should include punitive damages and attorneys' fees as part of the amount in controversy. Plaintiffs do not address this claim, instead, they only argue against aggregation of their claims. Both punitive damages and attorneys' fees are rightfully included in the Court's calculation of the amount in controversy. Larkin, 41 F.3d at 388 ("Although punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof.") (citations omitted); Peterson, 12 F. Supp. 2d at 968 ("Both punitive damages and attorneys' fees are included in the calculation of the amount in controversy.") (citations omitted); see also

McNeilus Truck & Mfg. v. Hunt, No. 01-1099, 2001WL 837940, *3 (D. Minn. July 23, 2001) (Doty, J.) (attorneys' fees must also be included in the amount in controversy); Brisson v. Summit Tech., Inc., No 99-862, 1999 WL 766548, *1 (D. Minn. Aug. 10, 1999) (Kyle, J.) ("Attorneys' fees are properly included in the calculation of the amount in controversy."). To retain jurisdiction, therefore, the Court must find that each Plaintiff's damages, including attorneys' fees and punitive damages, exceeds $75,000.

### C. Cross Country's Proof

Cross Country correctly notes that each Plaintiff's actual damages could range from $50,000 to $74,999. It contends that the punitive damages and attorneys' fees, together with possible actual damages in excess of $50,000 for each Plaintiff could exceed the jurisdictional requirement of $75,000. However, Cross Country gives no proof that actual damages over $50,000, punitive damages, and attorneys' fees will total more than $75,000 per Plaintiff. In many cases, the party opposing remand will present evidence allowing the court to compare the case before it to damages awarded in analogous cases. In this instance, however, Cross Country does not direct the Court to any authority exemplifying the typical award of fees and damages in claims of Plaintiffs' type. Instead it relies on a mathematical possibility that the damages here could exceed the jurisdictional amount. Mere theoretical possibilities that the amounts could exceed $75,000 do not demonstrate the amount in controversy to any legal certainty. Therefore, Cross Country fails to carry its burden to establish diversity jurisdiction.

**CONCLUSION**

While a court will include punitive damages and attorney's fees in its calculation of the amount in controversy, the party opposing remand must prove that these amounts, together with the actual damages sought, exceed $75,000 per plaintiff. Cross Country presented only conjecture and no evidence in opposition to the current Motion. Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Clerk Doc No. 18) is **GRANTED**, and this case is remanded to Hennepin County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 23, 2003

Paul A. Magnuson
United States District Court Judge